Christopher D. Nissen, Esq. (SBN 202034)
Christopher.Nissen@wilsonelser.com
Ashley E. Pickard, Esq. (SBN 297864)
Ashley.Pickard@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant,
ALLIED CONSULTANTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWANG NAM KANG, an individual; YOUNG CARLOS KANG, an individual; and KANG PROPERTIES, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED CONSULTANTS, INC., a California Corporation, and Does 1 to 10, inclusive,<br><br>Defendant. | Case No:<br><br>**DEFENDANT ALLIED CONSULTANTS, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant ALLIED CONSULTANTS, INC. (hereinafter "Defendant") hereby removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

1

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

3826539v.1

## I. BACKGROUND AND PROCEDURAL POSTURE

1. On August 17, 2020, Plaintiffs KWANG NAM KANG, CARLOS KANG, and KANGS PROPERTIES, LLC (hereinafter collectively referred to as "Plaintiffs") filed a Complaint and thereby commenced this action in the Superior Court of the State of California for the County of San Bernardino, styled *Kwang Nam Kang; Young Carlos Kang; and Kang Properties, LLC v. Allied Consultants, Inc.; and Does 1 through 10, inclusive* and assigned Case No. CIV DS 2016902.

2. On November 2, 2020, Plaintiffs sub-served Defendant with a Summons and a copy of the Complaint in the State Court Action. True and correct copies of the Summons, Complaint, and other pleadings, process, and orders that have been served upon Defendant and filed in the State Court Action are attached hereto as Exhibit 1 to this Notice of Removal. Other than the documents attached as Exhibit 1 to this Notice of Removal, Plaintiff has not served any pleadings, process, orders, filings, or other documents upon Defendant in the State Court Action. In the event that such other documents or filings come to Defendant's attention, Defendant will immediately file copies in this Court.

3. On January 25, 2021, Defendant filed a Notice of Removal with the identified department in the State Court Action.

## II. TIMELINESS, JOINDER, AND VENUE

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) based upon the mutually agreed upon extension for response to Plaintiff's Complaint. The Notice of Removal is filed within the timeline agreed to by Plaintiff, and removal has been perfected within one year of the commencement of the action. Accordingly, this Notice of Removal is timely under 28 U.S.C § 1446(b) and (c).

5. As Does 1-10 have not yet been identified, all proper and active corporate defendants who have been named, joined, and served have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2).

3826539v.1

6. The United States District Court for the Central District of California is the district within which the State Court Action is pending under 28 U.S.C. §§1441(a), 1446(a), and is, therefore, the proper venue for this action.

7. In accordance with 28 U.S.C. § 1446(d), Defendant promptly will file in the State Court Action a copy of this Notice of Removal and give written notice to Plaintiffs by serving this Notice of Removal on counsel for Plaintiffs.

8. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a)

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION.

9. Pursuant to U.S.C. § 1441(a) any action brought in a State court of which the district courts have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

10. Pursuant to U.S.C. § 1331, the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11. Ordinarily, whether a case arises under federal law is determined by the "well-pleaded complaint rule." Under the well-pleaded complaint rule, a defendant may not remove a case to federal court unless the Plaintiff's complaint establishes that the case arises under federal law. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).

12. Even where the Plaintiff has plead state law causes of action, the Employee Retirement Income Security Act ("ERISA") can preempt state law in two ways: complete preemption and conflict preemption. As discussed herein below, it is clear that Plaintiffs' state law causes of action are preempted by ERISA under the doctrines of complete preemption and conflict preemption and, therefore, removal is proper.

## Complete Preemption

13. With respect to complete preemption, the Supreme Court has found that Congress intended to make ERISA § 502 the exclusive civil enforcement remedy for violations of ERISA and, as a result, any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is thereof preempted.

14. In *Aetna Health, Inc. v. Davila*, the Court framed a two-part test for analyzing complete preemption under ERISA: Where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a). When both prongs of the *Davila* test are satisfied, federal question jurisdiction exists and removal is proper.

15. ERISA § 502 (a), 29 U.S.C. § 1132 (a) enumerates ten scenarios in which a civil action may be brought under ERISA. Pursuant to ERISA § 502 (a)(1)(B) a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms if his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. To determine whether a state law cause of action falls within the scope of ERISA § 502, a court must examine the Plaintiff's allegations, the statutes on which the state law causes of action are based, and the plan documents. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 211 (2004).

16. Here, Plaintiffs' Complaint pleads state law causes of action for (1) Professional Negligence; (2) Negligence; (3) Breach of Contract; (4) Breach of

Implied Duty to Perform with Reasonable Care; (5) Negligent Misrepresentation; and (6) Unjust Enrichment. However, the bases of Plaintiffs' purported Complaint lies in the alleged findings of the Pension Benefits Guarantee Corporation ("PBGC"), an agency of the United States that administers the defined benefit pension plan termination insurance program under Title IV of ERISA, as amended, 29 U.S.C. §§1301-1561, and the issue as to whether or not the Defendant ensured the Plan was properly funded.

17. Here, Plaintiffs' YOUNG CARLOS KANG and KWANG NAM KANG, aka JOHN KANG, owned and operated KDI, and were the majority shareholders. Plaintiffs CARLOS KANG and JOHN KANG were participants in the Plan, and received distributions from the Plan in December 2017. (Plaintiffs' Complaint 4:11-18). As participants in the Plan, it is clear that Plaintiffs CARLOS KANG and KWANG NAM KANG could have brought the instant action under ERISA § 502 (a)(1)(B).

18. According to Plaintiffs' Complaint, Plaintiffs' allege that Defendant failed to properly design the retirement plan entitled the CJK and KDI Pension Plan (hereinafter the "Plan"), failed to properly designate the Plan participants, failed to ensure the Plan remained qualified under the Internal Revenue Service's rules and regulations, and failed to properly maintain the Plan documents to ensure compliance with any changes in the laws or regulations. In addition, Plaintiffs' allege Defendant failed to ensure compliance on issues like loans and distributions, and failed to ensure the Plan was properly funded. (Plaintiff's Complaint 9:27-10:8). Specifically, Plaintiffs allege Defendant misclassified two minority shareholders as non-shareholder participants under the Plan, incorrectly applied the fractional accrual rule in calculating benefits, failed to ensure the Plan was being administered in accordance with Plan documents, incorrectly advised Kang's Distribution, Inc. with regard to required contributions to ensure the Plan was fully funded, and mismanaged the Plan documents, thereby exposing

1  Plaintiffs to liability for the entire underfunded amount. (Plaintiffs' Complaint
2  11:9-16). Therefore, based on the foregoing, it is clear that Plaintiffs could have
3  brought their claim under ERISA § 502(a)(1)(B) and there is no independent legal
4  duty that is implicated by the Defendant's actions.

5       19.   Moreover, it is important to point out that in January 2020 Plaintiffs
6  retained a law firm specializing in employment benefits and ERISA (hereinafter
7  the "Attorney Consultants") to evaluate the contentions as to whether or not the
8  Plan was properly funded, and to assist Plaintiff KANGS PROPERTIES in
9  correcting the distribution of funds that should not have been made, through the
10 IRS Voluntary Correction Program. (Plaintiffs' Complaint 8:25-9:1). The fact that
11 Plaintiffs retained the Attorney Consultants, who specialize in employment
12 benefits and ERISA, further demonstrates that Plaintiffs' could have brought their
13 claims under ERISA § 502(a), and that there is no other independent legal duty
14 that is implicated by Defendant's actions.

15      20.   Based on the forgoing, it is clear that Plaintiffs' state law contract and
16 tort claims are preempted by ERISA under the doctrine of complete preemption.

## Conflict Preemption

18      21.   With respect to conflict preemption, § 514(a) ERISA's express
19 preemption clause, provides that ERISA "shall supersede any and all State las
20 insofar as they may nor or hereafter relate to any employer benefit plan." 29
21 U.S.C. § 1144(a). This provision is purposefully expansive and is intended to
22 ensure that employee benefit plan regulation would be exclusively a federal
23 concern. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). Any state law
24 action that duplicates, supplements, or supplants the ERISA civil law remedy
25 conflicts with the clear congressional intent to make the ERISA remedy exclusive
26 and is therefore pre-empted." *Id.* at 209.

27      22.   Here, even if the Court finds complete preemption does not exist,
28 removal is still proper under the doctrine of conflict preemption. In their

Complaint, Plaintiffs seek damages for professional negligence, negligence, breach of contract, breach of the implied duty to perform with reasonable care, negligent misrepresentation, and unjust enrichment. Regardless of whether or not the Plaintiffs' claims are completely preempted under ERISA §502, the Plaintiffs' claims clearly relate to an ERISA plan and, therefore, should be preempted under ERISA §514.

23. In *Metropolitan Life Ins. Co. v. Taylor,* the Supreme Court explained breach of contract and tort claims related to an ERISA plan are both completely and conflict preempted. The Court went to on say that the lawsuit relate[s] to [an] employee benefit plan and, therefore the suit was preempted by § 514(a). Moreover, the Court went on point out that as a suit by a beneficiary to recover benefits from a covered plan, it fell directly under § 502 (a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63.

24. Similar to *Taylor*, Plaintiffs' state law contract and tort claims are related to the Plan in that Plaintiffs allege that Defendant failed to perform and/or breached the terms and conditions of the contract by failing to properly design the Plan, failing to properly designate Plan participants, failing to ensure the Plan remained qualified under IRS rules and regulations, failing to maintain the Plan documents to ensure compliance with any changes in the laws or regulations, failing to ensure the Plan was operating in accordance with the Plan documents, failing to ensure compliance on issues like loans and distributions, and incorrectly advising KDI with respect to required contributions to ensure the Plan was fully funded. (Plaintiff's Complaint 11:4-16; 11:25-12:2; 12:24-13:2; 13:26-14:2; 14:11-22; 15:6-10). In pleading their causes of action, Plaintiffs' make reference to the Plan several times. Based on the forgoing, it is clear that Plaintiffs' state law contract and tort claims are related to the Plan and, therefore, and preempted by ERISA under the doctrine of conflict preemption.

## IV. CONCLUSION

25. Based on the foregoing, Plaintiffs' state law causes of action are preempted by ERISA. Therefore, Defendant ALLIED CONSULTANTS, INC. respectfully request that this case be removed from California state court to this Court.

Dated: January 25, 2021

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: */s/ Christopher D. Nissen*
Christopher D. Nissen
Ashley E. Pickard
Attorneys for Defendant,
ALLIED CONSULTANTS, INC.